# In the United States Court of Federal Claims

No. 09–796C

(E-Filed:  September 3, 2014)

| | |
|---|---|
| FLORENTINO L. MATA, | ) |
| | ) Motion to Dismiss, RCFC 12(b)(1); Subject |
| | ) Matter Jurisdiction; Settlement Agreement |
| Plaintiff, | ) Pursuant to Title VII of the Civil Rights Act |
| | ) of 1964, 42 U.S.C. § 2000e; <u>Cunningham v.</u> |
| v. | ) <u>United States</u>, 748 F.3d 1172 (Fed. Cir. |
| | ) 2014); <u>Holmes v. United States</u>, 657 F.3d |
| THE UNITED STATES, | ) 1303 (2011); Law-of-the-Case Doctrine; 28 |
| | ) U.S.C. § 1631 |
| Defendant. | ) |
| | ) |

<u>Lorenzo W. Tijerina</u>, San Antonio, TX, for plaintiff.

<u>Michael P. Goodman</u>, Trial Attorney, with whom were <u>Stuart F. Delery</u>, Assistant Attorney General, <u>Robert E. Kirschman, Jr.</u>, Director, and <u>Reginald T. Blades, Jr.</u>, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  <u>Rebecca Ausprung</u>, Chief, Civilian Personnel Branch, United States Army Litigation Division, Fort Belvoir, VA, of counsel.

## OPINION and ORDER

CAMPBELL-SMITH, Chief Judge

Florentino L. Mata (plaintiff or Mr. Mata), a former engineer with the United States Army, brings a breach of contract action against the United States (the government or defendant).  Plaintiff alleges that the Army breached three provisions of a settlement agreement entered into by the parties to resolve an employment discrimination claim. <u>See</u> Complaint (Compl.), ECF No. 7, ¶¶ 1, 10–11.[1]

---

[1]     Plaintiff's complaint, ECF No. 7, consists of twenty-five pages of numbered paragraphs, which the court cites by paragraph number, and eighty-nine pages of attachments.  When citing to the attachments, the court cites to the page number generated by the court's Case Management/Electronic Case Files system.

On February 26, 2014, the court granted summary judgment in favor of defendant with respect to two of plaintiff's breach of contract claims (February 2014 decision). Mata v. United States, 114 Fed. Cl. 736, 746–47, 750–51 (2014).  The court stayed the parties' cross-motions for summary judgment as to plaintiff's third breach of contract claim, finding that summary resolution of this issue was premature.  Id. at 750.  During a telephonic status conference with the parties, defendant sought leave to file a motion to dismiss for lack of jurisdiction on the ground that the third provision of the settlement agreement is not money-mandating.  See Order 1, Mar. 18, 2014, ECF No. 67.  The court subsequently ordered the parties to brief whether the court possesses jurisdiction over plaintiff's surviving breach of contract claim.  Id. at 1–2.

Currently before the court are defendant's motion to dismiss (Def.'s Mot.), ECF No. 68, filed May 9, 2014; plaintiff's response[2] (Pl.'s Resp.), ECF No. 73, filed June 6, 2014; and defendant's reply (Def.'s Reply), ECF No. 74, filed June 16, 2014.

For the reasons set forth below, the court concludes that it lacks jurisdiction over plaintiff's sole surviving breach of contract claim.  The court does not dismiss plaintiff's complaint as defendant has urged.  Rather, the court **TRANSFERS** this case back to the United States District Court for the Western District of Texas.

I.      Background

The facts and procedural history of this case are set forth in detail in the court's February 2014 decision.  See Mata, 114 Fed. Cl. at 740–43.  For ease of reference, the court provides an abbreviated version of the relevant background here.

A.      Facts

On June 20, 2007, plaintiff and the Army entered into a negotiated settlement agreement (NSA) to resolve Mr. Mata's employment discrimination complaint made pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  See Compl. ¶ 10; Pl.'s Resp. 5–6.  Paragraph 3b of the NSA, which is the subject of the dispute currently before the court, provides in relevant part:

> As soon as possible during the 120 calendar day period from the effective date of this agreement with the right of Complainant to request an extension of time from the Chief of Staff, based on good cause due to no openings available during the 120 calendar day period, [U.S. Army South (USARSO)] shall make a good faith attempt to laterally transfer/reassign

---

[2]      Plaintiff's counsel styled his response to defendant's motion to dismiss as "Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss" in the alternative.  ECF No. 73.  The court notes that the Rules of the United States Court of Federal Claims do not provide for the dismissal of a motion to dismiss.

> [C]omplainant to an equivalent position for which he is qualified, in a directorate outside of [Deputy Chief of Staff, Engineer (DCSENG)] but within USARSO.  USARSO HR shall forward to the Complainant and [the Civilian Personnel Advisory Center (CPAC)] notice of any valid vacancy for which the Complainant could be deemed to be qualified by CPAC.  CPAC will determine if Complainant is qualified for the vacancy and will notify the Chief of Staff of any positions for which he qualifies.  The Chief of Staff will make the final determination as to the acceptability of the recommendation . . . .

Compl. at 26 (NSA ¶ 3b).  Plaintiff contends that the Army breached paragraph 3b of the NSA by failing to make a good faith attempt to transfer plaintiff to an equivalent position for which he could be deemed qualified.  See id. ¶¶ 15, 28–29.

B.      Relevant Procedural History

On August 25, 2008, plaintiff filed suit in the United States District Court for the Western District of Texas, claiming, inter alia, that the Army breached the NSA.  See Compl., Mata v. Green, No. SA-08-CA-709-OG (W.D. Tex. Aug. 25, 2008), ECF No. 1. The district court determined that it lacked jurisdiction to hear plaintiff's claims and transferred the action to this court.  See Transfer Order, Mata v. Green, No. SA-08-CA-079-OG (W.D. Tex. Aug. 20, 2009), ECF No. 26.  On March 5, 2010, plaintiff filed his transfer Complaint in this court.  See Compl. at 1.

On October 27, 2010, defendant filed its first motion to dismiss for lack of subject matter jurisdiction, arguing that the NSA was not money-mandating, as is required for this court to possess jurisdiction under the Tucker Act.  Def.'s Mot. to Dismiss 5, ECF No. 21; cf. infra Part II (discussing the court's Tucker Act jurisdiction).  The court stayed the proceedings pending a decision by the United States Court of Appeals for the Federal Circuit in an unrelated but potentially instructive case, Holmes v. United States, 92 Fed. Cl. 311 (2010), appeal docketed, No. 2010-5119 (Fed. Cir. May 14, 2010).  Order, ECF No. 28.  On December 3, 2012, following the guidance provided in the Federal Circuit's decision in Holmes, 657 F.3d 1303 (Fed. Cir. 2011), the court denied defendant's motion to dismiss (December 2012 decision).  See Mata v. United States, 107 Fed. Cl. 618, 623–24 (2012).  The court concluded that the NSA could fairly be interpreted as contemplating money damages and that the court therefore had jurisdiction to consider plaintiff's claims.  Id.

On July 27, 2013, plaintiff moved for summary judgment on his claims that the Army breached paragraphs 3a, 3b, and 3c of the NSA, see Pl.'s Summ. J. Mot. 1, 33, ECF No. 50-1, and defendant subsequently filed its response and cross-motion for summary judgment and, in the alternative, a motion to dismiss for lack of subject matter jurisdiction, see Def.'s Summ. J. Mot. 1, ECF No. 53.  On February 26, 2014, the court granted summary judgment in favor of defendant as to paragraphs 3a and 3c, and stayed the parties' cross-motions for summary judgment as to the Army's breach of paragraph

3b. <u>Mata</u>, 114 Fed. Cl. at 746–51.  Following a telephonic status conference with the parties, the court granted defendant leave to file a motion to dismiss for lack of jurisdiction on the ground that paragraph 3b of the NSA is not money-mandating.  <u>See</u> Order 1, Mar. 18, 2014, ECF No. 67.  The court limited the scope of the issue to be briefed to whether the Federal Circuit's decision in <u>Holmes</u> precludes this court from exercising jurisdiction over plaintiff's sole surviving claim.  <u>See</u> <u>id.</u>  The court also ordered defendant to address "whether a finding that this court lacks jurisdiction to hear plaintiff's claim . . . would run afoul of the law-of-the case doctrine discussed in <u>Banks v. United States</u>, 741 F.3d 1268 (2014)."  <u>Id.</u> at 1.

Pursuant to the court's Order of March 18, 2014, defendant filed a Rule 12(b)(1) motion to dismiss on May 9, 2014.  Def.'s Mot. 1; <u>cf.</u> Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).  Plaintiff's response, filed June 6, 2014, neither addresses the matters set forth in court's March 18, 2014 order, nor directly responds to the arguments made in defendant's motion.[3]

II.   Legal Standards

The Tucker Act establishes and limits the jurisdiction of the Court of Federal Claims.  <u>See</u> 28 U.S.C. § 1491 (2012).  The Tucker Act affords this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  <u>Id.</u> § 1491(a)(1).  Although the Tucker Act waives the sovereign immunity necessary for a plaintiff to sue the United States for money damages, <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983), it does not confer any substantive rights upon a plaintiff, <u>United States v. Testan</u>, 424 U.S. 392, 398 (1976).  Therefore, a plaintiff must identify an independent source of substantive law that creates a right to money damages in order for the case to proceed.  <u>Fisher v. United States</u>, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc); <u>see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.</u>, 525 F.3d 1299, 1306 (Fed. Cir. 2008).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court <u>sua sponte</u>."  <u>Folden v. United States</u>, 379 F.3d 1344, 1354 (2004).  When

---

[3]    Instead, plaintiff's response challenges the court's February 2014 decision.  <u>See</u> Pl.'s Resp. 27–37, ECF No. 73.  To the extent that plaintiff wishes the court to reconsider its February 2014 decision, the court directs plaintiff's attention to Rule 59 of the Rules of the United States Court of Federal Claims, which governs motions for reconsideration.  The court declines to construe the filing plaintiff's counsel has styled as a "Response" as a motion for reconsideration.  <u>Cf.</u> Def.'s Reply 1 n.1, ECF No. 74 ("If the Court were to deem plaintiff's response to be a motion for reconsideration, defendant would oppose and would respectfully request permission to address separately the arguments presented therein.").

considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court accepts as true the undisputed allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). A dismissal under RCFC 12(b)(1) "is warranted when, assuming the truth of all allegations, jurisdiction over the subject matter is lacking." Arakaki v. United States, 62 Fed. Cl. 244, 247 (2004) (internal quotation marks omitted). If the court determines that it does not have jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

III.     Discussion

    A.     The Court Does Not Possess Jurisdiction Over Plaintiff's Sole Surviving
           Breach of Contract Claim

    Defendant argues that paragraph 3b of the NSA is not money-mandating and that the court, therefore, lacks jurisdiction to hear plaintiff's sole surviving breach of contract claim. Def.'s Mot. 7–8; see id. at 4 ("By contending that this [c]ourt does not possess jurisdiction to consider Mr. Mata's allegation that the Army breached paragraph 3b of the NSA, [defendant's] motion to dismiss encompasses the remainder of Mr. Mata's complaint."). Defendant relies on the Federal Circuit's statements in Holmes and Cunningham v. United States, 748 F.3d 1172 (Fed. Cir. 2014), as support for its argument. Id. at 6–8.

    The plaintiff in Holmes alleged that the United States Department of the Navy breached two Title VII settlement agreements. Holmes, 657 F.3d at 1306. This court dismissed plaintiff's claims for lack of jurisdiction on the ground that the agreements could not fairly be interpreted as contemplating money damages. Id. (citing Holmes, 92 Fed. Cl. at 321).

    On appeal, the Federal Circuit explained that "in a contract case, the money-mandating requirement for Tucker Act jurisdiction normally is satisfied by the presumption that money damages are available for breach of contract, with no further inquiry being necessary." Id. at 1314; see id. ("[W]hen a breach of contract claim is brought in the Court of Federal Claims under the Tucker Act, the plaintiff comes armed with the presumption that money damages are available, so that normally no further inquiry is required."). The Federal Circuit indicated, however, that further inquiry is necessary when the contract at issue is a Title VII settlement agreement.

    [W]e readily accept that settlement of a Title VII action involving the
    government could involve purely nonmonetary relief—for example, a
    transfer from one agency office to another. Under the[] circumstances[]

5

[of] this case, we think it was proper for the court to require a
demonstration that the agreements could fairly be interpreted as
contemplating money damages in the event of breach.

Id. at 1315 (footnote omitted).

The terms of the settlement agreements at issue in Holmes required the Navy to
expunge a suspension letter from Mr. Holmes's personnel file, to document that Mr.
Holmes had resigned for personal reasons, and to provide Mr. Holmes with a neutral
reference. Id. at 1315–16. Observing that "the purpose of documenting and expunging
Mr. Holmes's record clearly was to prevent Mr. Holmes from being denied future
employment based on his record as the Navy maintained it prior to the agreements," the
Federal Circuit found that the settlement agreements "inherently relate[d] to monetary
compensation through relationship to Mr. Holmes's future employment." Id. at 1316.
The Federal Circuit also noted that "there [was] no language in the agreements indicating
that the parties did not intend for money damages to be available in the event of breach."
Id. The Holmes court concluded that the settlement agreements could fairly be
interpreted as contemplating money damages, and that the Court of Federal Claims
therefore possessed jurisdiction over Mr. Holmes's breach of contract claims. Id. at
1315.

Subsequently, in Cunningham, which also involved an alleged breach of a
settlement agreement, the Federal Circuit shed additional light on its Holmes decision:
"[W]e cautioned [in Holmes] that the alleged breach of a settlement agreement does not
necessarily give rise to Tucker Act jurisdiction. The plaintiff must 'demonstrat[e] that
the agreement[] could fairly be interpreted as contemplating money damages in the event
of a breach.'" Cunningham, 748 F.3d at 1176 (some alterations in original) (quoting
Holmes, 657 F.3d at 1315). The Federal Circuit further stated that "[a] settlement
[agreement] that involved purely non-monetary relief—such as a transfer from one office
to another—would not suffice for establishing Tucker Act jurisdiction." Id. (emphasis
added) (internal quotation marks omitted).

The Federal Circuit considered the facts in Cunningham to be "substantially
similar" to the facts in Holmes. Id. at 1177. The terms of the settlement agreement in
Cunningham required the Office of Personnel Management to remove Mr. Cunningham's
termination letter from his personnel file and to limit the information it disclosed in
response to inquiries about Mr. Cunningham's employment. Id. at 1174. The
Cunningham court determined that because "the purpose of the key settlement terms
[was] 'to prevent [the former employee] from being denied future employment based on
his record as the [agency] maintained it prior to the agreement[],'" id. at 1177 (some
alterations in original) (quoting Holmes, 657 F.3d at 1316), the settlement agreement
"could fairly be interpreted as contemplating money damages in the event of a breach,"
id. at 1178 (internal quotation marks omitted). And, as it did in Holmes, the court further

noted that the "there [was] no language in the agreement 'indicating that the parties did not intend for money damages to be available in the event of breach.'" Id. at 1177–78 (quoting Holmes, 657 F.3d at 1316).

In the case at bar, paragraph 3b of the NSA requires the Army to "make a good faith attempt to laterally transfer/reassign [Mr. Mata] to an equivalent position for which he is qualified, in a directorate outside of DCSENG but within USARSO." NSA ¶ 3b. Defendant contends that when the Federal Circuit determined that this court "possesses jurisdiction to consider alleged breaches of Title VII settlement agreements, like Mr. Mata's, [the Federal Circuit] highlighted a single concrete example of the type of agreed upon provision that is not money-mandating: 'a transfer from one agency office to another.'" Def.'s Mot. 7 (quoting Holmes, 657 F.3d at 1315). Defendant maintains that the Federal Circuit in Holmes "precisely describe[d] the provision before this [c]ourt now" and thus, the court lacks jurisdiction over paragraph 3b of the NSA. Id. at 7–8. The court agrees.

The plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. Reynolds, 846 F.2d at 748. And where, as here, a plaintiff alleges a breach of a settlement agreement and attempts to invoke the court's Tucker Act jurisdiction, "[t]he plaintiff must 'demonstrat[e] that the agreement[] could fairly be interpreted as contemplating money damages in the event of a breach.'" Cunningham, 748 F.3d at 1176 (quoting Holmes, 657 F.3d at 1315). Having offered no substantive response to the jurisdictional arguments in defendant's motion to dismiss, plaintiff fails to meet his burden.

It is the view of the court that paragraph 3b falls within the category of provisions contemplated by the Federal Circuit in Holmes and Cunningham as involving "purely non-monetary relief." Because plaintiff has failed to establish Tucker Act jurisdiction over his sole surviving breach of contract claim, the court must dismiss plaintiff's case for lack of jurisdiction. See RCFC 12(h)(3).

B.     The Law-of-the-Case Doctrine Does Not Preclude the Court from Revisiting Whether it Possesses Subject Matter Jurisdiction

As plaintiff correctly observes, this court previously held that it possessed jurisdiction to hear Mr. Mata's breach of contract claims. In its December 2012 decision, this court found that "the NSA [could] be fairly interpreted as contemplating money damages through a relationship to Mr. Mata's future employment," Mata, 107 Fed. Cl. at 622–23, and that "the NSA [did] not contain any language limiting the remedies available to Mr. Mata," id. at 623. The court therefore concluded that it "ha[d] jurisdiction to consider Mr. Mata's breach of contract claim for monetary damages under the Tucker Act." Id. at 623–24; see also Mata, 114 Fed. Cl. at 744 ("In this case, the court already has found that . . . the court 'has jurisdiction to consider Mr. Mata's breach of contract

claim for monetary damages under the Tucker Act.'" (quoting <u>Mata</u>, 107 Fed. Cl. at 623–24)).  Plaintiff appears to argue that the law-of-the-case doctrine applies, and that the doctrine precludes the court from revisiting its subject matter jurisdiction decision.  <u>See</u> Pl.'s Resp. 2–3.

"The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"  <u>Banks</u>, 741 F.3d at 1276 (quoting <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 815–16 (1988)).  "The doctrine rests upon the important public policy that '[n]o litigant deserves an opportunity to go over the same ground twice, hoping that the passage of time or changes in the composition of the court will provide a more favorable result the second time.'"  <u>Gindes v. United States</u>, 740 F.2d 947, 949 (Fed. Cir. 1984) (alteration in original) (quoting <u>United States v. Turtle Mountain Band of Chippewa Indians</u>, 612 F.2d 517, 520 (Ct. Cl. 1979)); <u>see also</u> <u>Cent. Soya Co. v. Geo. A. Hormel & Co.</u>, 723 F.2d 1573, 1580 (Fed. Cir.1983) (explaining that the law-of-the-case doctrine was "judicially created to ensure judicial efficiency and to prevent the possibility of endless litigation").

As defendant suggests, however, the court's December 2012 decision "was based upon the entirety of the NSA, and the entirety of the NSA is no longer before the [c]ourt."  Def.'s Reply 2; <u>see also</u> Def.'s Mot. 6 (stating that the court's December 2012 decision "was based upon the entirety of Mr. Mata's allegations, . . . including those involving paragraphs 3a and 3c of the NSA").  As discussed above in Part I.B, in February 2014 the court granted defendant's motion for summary judgment as to plaintiff's claims that the Army breached paragraphs 3a and 3c of the NSA.  These provisions required the Army to conduct an independent review of Mr. Mata's 2006 performance evaluation and letter of reprimand, and to render "null and void" "[a]ll actions, complaints, and disciplinary issues concerning [Mr. Mata] prior to the date of signing of [the NSA]."  NSA ¶¶ 3a, 3c; <u>cf.</u> Def.'s Mot. 7 (conceding that paragraphs 3a and 3b "are very similar to the two allegations upon which the Federal Circuit based its jurisdictional holding in <u>Holmes</u>" and that the court possessed jurisdiction over these two provisions).  Because these provisions are no longer before the court, plaintiff's only surviving claim is that the Army breached paragraph 3b of the NSA, a provision that contemplates the transfer/reassignment of Mr. Mata from one directorate to another.  NSA ¶ 3b.  Consistent with the Federal Circuit's holdings in <u>Holmes</u> and <u>Cunningham</u>, the court has determined that paragraph 3b "involve[s] purely non-monetary relief."  <u>See</u> <u>supra</u> Part III.A.  Because there is no money-mandating provision of the NSA currently before the court, the court no longer possesses jurisdiction over plaintiff's breach of contract claim.

C.      Transfer of Plaintiff's Sole Surviving Breach of Contract Claim Is in the
        Interest of Justice

8

As discussed above in Part I.B, the United States District Court for the Western District of Texas transferred plaintiff's breach of contract claims to this court in August 2009.  See Order, Mata v. Green, No. SA-08-CA-079-OG (W.D. Tex. Aug. 20, 2009), ECF No. 26.  This court has since determined that defendant was entitled to judgment as a matter of law as to plaintiff's claims that the Army breached paragraphs 3a and 3c of the NSA. Mata, 114 Fed. Cl. at 746–47, 750–51.  In this opinion, the court holds that paragraph 3b of the NSA is not money-mandating and that the court therefore lacks jurisdiction over plaintiff's only surviving claim.  See supra Part III.A.

When the court dismisses a case for lack of jurisdiction, it should determine whether transfer to another federal court that may have jurisdiction over the claims is appropriate.  See 28 U.S.C. § 1631 (stating that "the court shall, if it is in the interest of justice, transfer [a case over which it lacks jurisdiction] to any other such court in which the action or appeal could have been brought at the time it was filed or noticed"); Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction).

Although plaintiff appears to have abandoned his claims for "reinstatement and promotion," see Mata, 114 Fed. Cl. at 752 n.19, the court nevertheless finds that it is in the interest of justice to transfer plaintiff's claim that the Army breached paragraph 3b of the NSA back to the United States District Court for the Western District of Texas, cf. Toohey v. United States, 105 Fed Cl. 97, 99 (2012) (observing that in the absence  of factors that counsel otherwise, the language of 28 U.S.C. § 1631 "'persuasively indicates that transfer, rather than dismissal, is the option of choice'" (quoting Britell v. United States, 318 F.3d 70, 73 (1st Cir. 2003))).

IV.    Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over the plaintiff's sole remaining breach of contract claim.  The Clerk of Court shall **TRANSFER** this action to the United States District Court for the Western District of Texas.

IT IS SO ORDERED.

s/ Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Chief Judge