# In the United States Court of Federal Claims

No. 09–796C

(Filed: March 4, 2015)

FILED

MAR - 4 2015

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| FLORENTINO L. MATA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Rule 59(a)(1) Motion for Reconsideration; |
| v. ) | Rule 60(b) Motion for Relief |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

Lorenzo W. Tijerina, San Antonio, TX, for plaintiff.[1]

Jane C. Dempsey, Trial Attorney, with whom were Joyce R. Branda, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Rebecca Ausprung, Chief, Civilian Personnel Branch, United States Army Litigation Division, Fort Belvoir, VA, of counsel.

## ORDER

CAMPBELL-SMITH, Chief Judge

     Florentino L. Mata (plaintiff or Mr. Mata), a former employee of the United States Army (the Army or defendant), alleges that the Army breached three provisions of a settlement agreement entered into by the parties. See Compl. ¶¶ 1, 40, ECF No. 7. On February 26, 2014, the court granted summary judgment in favor of defendant as to two of these provisions, Mata v. United States, 114 Fed. Cl. 736, 746–51 (2014), and, on

---

[1] On December 12, 2014, Mr. Tijerina filed a motion to withdraw his appearance as attorney of record, ECF No. 82, which the court granted on January 6, 2015, ECF No. 85. Plaintiff's Motion for Reconsideration—the subject of the instant order—was submitted by Mr. Tijerina on October 1, 2014, prior to his withdrawal from this case.

1

September 3, 2014, the court concluded that it lacked jurisdiction over the third provision and transferred the case to the United States District Court for the Western District of Texas—the court from which this case originated, Mata v. United States, 118 Fed. Cl. 92, 94 (2014). Plaintiff has filed a motion for reconsideration of the court's September 2014 decision, Pl.'s Mot., ECF No. 80, which defendant opposes, Def.'s Opp'n, ECF No. 83. For the reasons stated below, plaintiff's Motion is **DENIED**.

I.   Background[2]

On June 20, 2007, Mr. Mata and the Army entered into a negotiated settlement agreement (NSA) to resolve an employment discrimination complaint made by Mr. Mata pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. See Compl. ¶ 10.

Fourteen months later, on August 25, 2008, Mr. Mata filed suit in the United States District Court for the Western District of Texas, claiming, inter alia, that the Army breached the NSA. See Compl., Mata v. Green, No. 08-709 (W.D. Tex. Aug. 25, 2008), ECF No. 1. The district court determined that it lacked jurisdiction to hear Mr. Mata's claims and transferred the action to this court. See Order, Mata v. Green, No. 08-079 (W.D. Tex. Aug. 20, 2009), ECF No. 26. On March 5, 2010, Mr. Mata filed his transfer complaint in this court. See Compl. at 1.

Nearly eight months later, on October 27, 2010, defendant filed its first motion to dismiss for lack of subject matter jurisdiction, arguing that the NSA was not money-mandating, as is required for this court to possess jurisdiction under the Tucker Act. Def.'s Mot. to Dismiss 5, ECF No. 21. The court stayed the proceedings pending a decision by the United States Court of Appeals for the Federal Circuit in an unrelated but potentially instructive case, Holmes v. United States, 92 Fed. Cl. 311 (2010), appeal docketed, No. 2010-5119 (Fed. Cir. May 14, 2010). Order, ECF No. 28. Subsequently, on December 3, 2012, the court denied defendant's motion to dismiss following the guidance provided in the Federal Circuit's decision in Holmes, 657 F.3d 1303 (Fed. Cir. 2011). See Mata v. United States, 107 Fed. Cl. 618, 623–24 (2012). The court concluded that the NSA could be fairly interpreted as contemplating money damages and therefore the court had jurisdiction to consider plaintiff's claims. Id. at 622–24.

The parties then filed cross-motions for summary judgment on Mr. Mata's claims that the Army breached paragraphs 3a, 3b, and 3c of the NSA. Pl.'s Summ. J. Mot., ECF No. 50-1; Def.'s Summ. J. Mot., ECF No. 53. On February 26, 2014, the court granted summary judgment in favor of defendant as to paragraphs 3a and 3c and stayed the parties' cross-motions for summary judgment as to the Army's breach of paragraph 3b. Mata, 114 Fed. Cl. at 746–51. Paragraph 3b of the NSA provides in relevant part:

---

[2]   The facts and procedural history of this case are set forth in detail in the court's February 2014 decision. See Mata v. United States, 114 Fed. Cl. 736, 740–43 (2014).

> As soon as possible during the 120 calendar day period from the effective date of this agreement with the right of Complainant to request an extension of time from the Chief of Staff, based on good cause due to no openings available during the 120 calendar day period, [U.S. Army South (USARSO)] shall make a good faith attempt to laterally transfer/reassign [C]omplainant to an equivalent position for which he is qualified, in a directorate outside of [Deputy Chief of Staff, Engineer (DCSENG)] but within USARSO. USARSO HR shall forward to the Complainant and [the Civilian Personnel Advisory Center (CPAC)] notice of any valid vacancy for which the Complainant could be deemed to be qualified by CPAC. CPAC will determine if Complainant is qualified for the vacancy and will notify the Chief of Staff of any positions for which he qualifies. The Chief of Staff will make the final determination as to the acceptability of the recommendation . . . .

Compl. at 26 (NSA ¶ 3b).

Following a March 14, 2014 telephonic status conference with the parties, the court granted defendant leave to file another motion to dismiss for lack of jurisdiction on the ground that paragraph 3b of the NSA is not money-mandating. See Order 1, Mar. 18, 2014, ECF No. 67; Def.'s Mot. to Dismiss, ECF No. 68. On September 3, 2014, the court issued an order finding that paragraph 3b of the NSA is not money-mandating and that it therefore lacked jurisdiction over plaintiff's "sole surviving breach of contract claim." Mata, 118 Fed. Cl. at 97. Rather than entering judgment in favor of defendant, however, the court found that it was in the interest of justice to transfer the case back to the Western District of Texas. Id. at 99.

On October 1, 2014, plaintiff filed a motion for reconsideration of the court's September 2014 decision. Pl.'s Mot. 1.

II.   Legal Standards

Plaintiff's motion seeks reconsideration and relief from the court's September 2014 decision, the standards for which are set forth in Rules 59(a)(1) and 60(b) of the Rules of the United States Court of Federal Claims (RCFC). See Pl.'s Mot. 2 (invoking both rules).[3] Rule 59(a)(1) provides that reconsideration may be granted as follows:

---

[3] Plaintiff's motion also references Rule 59(e), Pl.'s Mot. 3, which governs motions to alter or amend judgments, RCFC 59(e). However, the court's September 2014 decision did not result in a judgment. See Mata v. United States, 118 Fed. Cl. 92, 94 (2014) (transferring the case to the Western District of Texas). Accordingly, Rule 59(e) is not applicable here.

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). "Motions for reconsideration must be supported by a showing of extraordinary circumstances which justify relief." Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (internal quotation marks omitted). To sustain this heavy burden, "the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." Matthews v. United States, 73 Fed. Cl. 524, 526 (2006). A party "must do more than merely reassert[ ] arguments which were previously made and were carefully considered by the court." Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003) (internal quotation marks omitted); see also Seldovia Native Ass'n v. United States, 36 Fed. Cl. 593, 594 (1996) ("[A] motion for reconsideration . . . should not be based on evidence that was readily available at the time the motion was heard."). Moreover, a motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court." Bishop v. United States, 26 Cl. Ct. 281, 286 (1992) (internal quotation marks omitted).

Rule 60(b) provides that a moving party may be relieved from a final order on several grounds, including "(1) mistake, inadvertence, surprise, or excusable neglect" or "(6) any other reason that justifies relief." RCFC 60(b)(1), (6); cf. Pl.'s Mot. 2 (referencing these two grounds). "The inadvertence, surprise, or excusable neglect can be 'of any party, party's attorney, the clerk, or the court.'" CNA Corp. v. United States, 83 Fed. Cl. 1, 8 (2008) (quoting 12 Joseph T. McLaughlin and Thomas D. Rowe, Jr., Moore's Federal Practice § 60.41[3] (3d ed. 2008)), aff'd, 332 F. App'x 638 (Fed. Cir. 2009). Rule 60(b)(6) "authorizes the court to grant relief when appropriate to accomplish justice." Wagstaff v. United States, 118 Fed. Cl. 172, 176 (2014) (internal quotation marks omitted), aff'd, No. 2014-5136, 2014 WL 6892075 (Fed. Cir. 2014). To qualify for relief under Rule 60(b)(6), "(1) the grounds asserted for relief must not be the same as those listed in Rule 60(b)(1)-(5), and (2) there must be a valid reason that justifies affording the relief, usually broadly described as 'extraordinary circumstances.'" Infiniti Info. Solutions, LLC v. United States, 93 Fed. Cl. 699, 704 (2010) (quoting Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1382 (Fed. Cir. 2002)); cf. Delpin Aponte v. United

---

The court further observes that plaintiff's citation to Rule 59(a)(1)(C), see Pl.'s Mot. 2, is inapposite here because relief under Rule 59(a)(1)(C) is available only to the United States, see RCFC 59(a)(1)(C) (providing that the court may grant a motion for reconsideration "upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States" (emphasis added)).

States, No. 05-1043C, 2014 WL 3725933, at *1 n.2 (Fed. Cl. July 23, 2014) (observing that Rules 60(b)(1) and 60(b)(6) are "mutually exclusive"—such that "[a] movant seeking relief from judgment premised on inadvertence and neglect under RCFC 60(b)(1) cannot obtain relief under RCFC 60(b)(6) as well").

III.  Discussion

    A.  Relief Under Rule 59(a)(1) Is Not Appropriate

        1.  There Has Been No Intervening Change in Controlling Law

As support for his contention that there has been an intervening change in controlling law, plaintiff argues that the court's September 2014 decision runs afoul of the Federal Circuit's decisions in Holmes and Cunningham v. United States, 748 F.3d 1172 (Fed. Cir. 2014). Pl.'s Mot. 11.

As an initial matter, neither Holmes nor Cunningham can serve as a basis for plaintiff's argument that there has been an "intervening" change in controlling law because both cases were issued prior to the court's September 2014 decision. Moreover, the court examined both cases in its September 2014 decision and determined that "paragraph 3b falls within the category of provisions contemplated by the Federal Circuit in Holmes and Cunningham as involving 'purely non-monetary relief.'" Mata, 118 Fed. Cl. at 97. The court therefore concluded that it lacked jurisdiction over plaintiff's sole surviving breach of contract claim. Id. Plaintiff offers no support for his conclusory allegation that the court's determination was "contrary" to both Holmes and Cunningham. See Pl.'s Mot. 11. Although plaintiff may be dissatisfied with the court's determination, "dissatisfaction does not warrant reconsideration." Griffin v. United States, 96 Fed. Cl. 1, 9 (2010).

        2.  There Has Been No Newly Discovered Evidence

Plaintiff does not point to any previously unavailable evidence in support of his motion, and, in fact, plaintiff concedes that "there is no newly discovered evidence." Pl.'s Mot. 4. Instead, plaintiff refers the court to evidence already raised in earlier filings. Compare id. at 4–10, with, e.g., Pl.'s Resp. to Def.'s Mot. to Dismiss 14–20, ECF No. 73. Plaintiff cannot prevail on a motion for reconsideration simply by offering previously available evidence. See Seldovia Native Ass'n, 36 Fed. Cl. at 594 ("[A] motion for reconsideration . . . should not be based on evidence that was readily available at the time the motion was heard.").

        3.  Plaintiff Is Unable to Demonstrate Manifest Injustice

The thrust of plaintiff's argument appears to be that the court should reconsider its September 2014 decision to prevent manifest injustice. Specifically, plaintiff argues that the court's September 2014 decision was "contrary to the facts previously submitted

[that] provided [the court] with subject matter jurisdiction," Pl.'s Mot. 11, and that the court failed to consider the admissions of certain Army personnel, id. at 4.

As defendant correctly observes, however, "Mr. Mata fundamentally misunderstands the [c]ourt's jurisdictional analysis." Def.'s Opp'n 9. Other than simply alleging, without support, that the court's decision was contrary to Holmes and Cunningham, Pl.'s Mot. 11, plaintiff does not address the court's jurisdictional determination. Instead, plaintiff relies on previously submitted deposition testimony in an attempt to persuade the court that the Army breached paragraph 3b of the NSA. See id. at 4–10.

As more fully detailed above in Part I, in December 2012 this court originally held that it possessed jurisdiction to hear plaintiff's breach of contract claims, and subsequently examined the merits of these claims—to include the claim that the Army breached paragraph 3b of the NSA—in a February 2014 decision. See Mata, 118 Fed. Cl. 97–98. In the February 2014 decision, the court granted summary judgment in favor of defendant as to paragraphs 3a and 3c and stayed the parties' cross-motions for summary judgment as to paragraph 3b, finding that summary resolution of this issue was premature.[4] Mata, 114 Fed. Cl. at 746–51. The court subsequently concluded that paragraph 3b of the NSA, plaintiff's sole surviving breach of contract claim, "involve[d] purely non-monetary relief" and that, therefore, the court no longer possessed jurisdiction over plaintiff's case. Mata, 118 Fed. Cl. at 98.

Having ultimately determined that the Court of Federal Claims lacks jurisdiction over plaintiff's sole surviving breach of contract claim, the merits of this claim cannot now be examined by this court. See Rosales v. United States, 89 Fed. Cl. 565, 577 (2009) ("Before adjudicating the merits of a case, a court must first ensure that it has jurisdiction to hear and decide the matter before it."). This is an inquiry reserved for the Western District of Texas—the court to which this case has been transferred. See Mata,

---

[4] Plaintiff also appears to seek reconsideration of the court's February 2014 decision granting summary judgment in favor of defendant as to paragraphs 3a and 3c of the NSA. See Pl.'s Mot. 6–10 (arguing that certain deposition testimony supports his claim that the Army breached paragraphs 3a and 3c of the NSA). However, plaintiff pointed to the same evidence and raised the same arguments in his motion for summary judgment. Compare id., with Pl.'s Summ. J. Mot. 14–20, ECF No. 50-1. The court carefully considered—and rejected—these arguments in its February 2014 decision. To prevail on a motion for reconsideration, a party "must do more than merely reassert[ ] arguments which were previously made and were carefully considered by the court." Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003). Having failed to do so here, plaintiff has not established any grounds for recondideration of the court's February 2014 decision.

118 Fed. Cl. at 99.  Simply put, plaintiff has failed to demonstrate the manifest injustice necessary to prevail on a motion for reconsideration.

   B. Relief Under Rule 60(b) Is Not Appropriate

  Plaintiff does not advance any specific arguments in support of a Rule 60(b) motion for relief.  See generally Pl.'s Mot.  And to the extent that plaintiff seeks to rely on the arguments in support of his Rule 59(a)(1) motion for reconsideration, the court finds that plaintiff has failed to establish "(1) mistake, inadvertence, surprise, or excusable neglect" to justify relief under Rule 60(b)(1) or any other "extraordinary circumstances" to justify relief under Rule 60(b)(6).  See Fiskars, Inc., 279 F.3d at 1382.

IV. Conclusion

  Having failed to identify a valid ground for reconsideration or relief from the court's September 2014 decision, plaintiff's motion is **DENIED**.

  IT IS SO ORDERED.

                /s/ Patricia Campbell-Smith
                PATRICIA E. CAMPBELL-SMITH
                Chief Judge